In re the Matter of Louise
NIGHT, Movant,

v.

Colin BIRCH and Division of Family
Services, Respondents.

In the Interest of Daisy Masterson,
DOB: [Redacted].

File No. CS93–4139.
Petition No. 07–24326.

Family Court of Delaware,
Sussex County.

Submitted: Aug. 26, 2009.
Decided: Sept. 17, 2009.

James Reichert, Esquire, Delaware Department of Justice, Georgetown, DE, Attorney for the Division of Family Services.

Ashley Oland, Esquire, Law Office of Edward C. Gill, P.A., Georgetown, DE, Attorney for Colin Birch.

Patricia O'Neil, Esquire, Law Office of Patricia M. O'Neil, Esquire, Georgetown, DE, Attorney for Louise Night.

Kristin Gibbons, Esquire, Office of the Child Advocate, Georgetown, DE, Attorney for the Court Appointed Special Advocate (CASA).

## OPINION

HENRIKSEN, J.

On August 13, 2009, Louise Night,[1] mother, filed a motion requesting that the goal of permanency for the above-named minor child be changed from Another Planned Permanent Living Arrangement (APPLA) to Reunification with Mother. To that effect, Mother is seeking to enter into a case plan with the Division of Family Services to assist Mother in her reunification efforts. Father, the Division of Family Services, and the Court appointed special advocate all are opposed to Mother's request.

Mother's motion seeking reunification services from DFS comes more than two years after this child was taken into care on August 03, 2007. Mother first appeared before the Court in these matters at the Adjudicatory Hearing on October

---

1. Pseudonyms have been substituted for the names of the parties pursuant to Supreme Court Rule 7(d).

01, 2007. At that time, Mother indicated that she did not desire any efforts at reunification. Mother's desire not to seek reunification efforts remained consistent until a hearing held more than 18 months following the Adjudicatory Hearing, being a hearing held on April 20, 2009, when, for the first time, Mother indicated her willingness to enter into a reunification plan. Mother failed to appear for the next hearing, scheduled on an emergency basis on June 15, 2009, when the goal for this child was changed from reunification to APPLA. Despite Mother's lack of participation over this lengthy period of time, the child's father was always involved, sought reunification, but finally conceded that reunification at this time in this child's mentally delicate life, was not in his child's best interest.

Father has opposed Mother's request for reunification efforts at this time based upon Mother's lack of participation over the past two years, and because he believes that reunification by Mother with the child at this time would not be in the child's best interest. The Division, likewise opposes Mother's request based upon her lengthy lack of previous interest. The Division's response also noted that Mother failed to appear at the Permanency Hearing held on June 15, 2009. Despite Mother's lack of appearance, Father, through counsel, consented to the change of goal to APPLA. The CASA's response also notes Mother's lengthy lack of prior efforts. The CASA expresses its opinion that "parents in these cases do not get unlimited time to decide whether they want reunifi-

cation and thus have services offered to them by DFS to accomplish that."

Indeed, the CASA's theory is specifically set forth in an amendment to the Adoption and Safe Families Act of 1997. Section 442 of the Social Security Act (42 U.S.C. 629(b)) was amended to redefine reunification services from community-based support services to "community-based family support services, *time-limited family reunification services*, and adoption promotion and support services" (Emphasis added). Section 431(a) of the Social Security Act (42 U.S.C. 629a(a)) was amended by providing a definition of time-limited family reunification services. In addition to describing those services to include such things as counseling, substance abuse and mental health services, domestic violence counseling, temporary child care and therapeutic services for families, and transportation, this definition specifically limited the time period in which those services should be provided for the 15–month period that begins on the date that the child was considered to have entered into foster care.[2] Section 475(5) of the Social Security Act (42 U.S.C. 675(5)), as amended, by Subsection F considers the day the child has entered foster care to be the earlier of the date of the first judicial finding that the child has been subjected to child abuse or neglect, or the day that is 60 days after the date on which the child is removed from the home, the latest possible date that could be used in this case as the entering foster care date would be 60 days following August 03, 2007, approximately at the date of the Adjudicatory Hearing

---

**2.** 42 U.S.C. 629a(a), Section 431(a)(7)(A) reads as follows: Time-limited family reunification services—(A) IN GENERAL—The 'term time-limited family reunification services' means the services and activities described in subparagraph (B) that are provided to a child that is removed from the child's home and placed in a foster family home or a child care institution and to the parents or primary caregiver of such child, in order to facilitate the reunification of the child safely and appropriately within a timely fashion, but only during the 15–month period that begins on the date that the child, pursuant to section 475(5)(F), is considered to have entered foster care.

for Mother held on October 01, 2007. The 15–month period in which the Division would have been required to provide time-limited family reunification services long since expired, and would have been available during a period in which Mother specifically refused those services.

Accordingly, Mother's motion for change of goal/reunification is hereby **DENIED.**

**IT IS SO ORDERED** this 17th day of September, 2009.